

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2008

# Benjamin Levine v. New Jersey

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1491

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Benjamin Levine v. New Jersey" (2008). *2008 Decisions.* Paper 768.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/768

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-234                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1491
_____

BENJAMIN LEVINE,
                                     Appellant

v.

STATE OF NEW JERSEY;
BRIAN GILLET, Middlesex County Prosecutor's Office,

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 06-cv-01394)
District Judge:  Honorable Katharine S. Hayden

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 19, 2008

Before: MCKEE, RENDELL and SMITH, Circuit Judges

(filed: July 30,. 2008 )
_____

OPINION
_____

PER CURIAM

     Benjamin Levine appeals the District Court's orders denying his petition to remove

a state court criminal case against him and dismissing his civil claims.  We will

summarily vacate the District Court's judgment in part, affirm in part, and remand the matter to the District Court.

The procedural history of this case and the details of Levine's claims are well known to the parties, set forth in the District Court's thorough opinions, and need not be discussed at length. Briefly, in December 2005, Levine was arrested for practicing medicine without a license and theft from Medicare. In March 2006, Levine filed a pleading in the District Court for the District of New Jersey in which he sought to remove the criminal case from state court. The District Court denied Levine's requests for relief and dismissed the petition. Levine appealed, and this Court remanded the matter for the District Court to dispose of a Rule 4(a)(6) motion. On a subsequent appeal, this Court reversed the District Court's denial of the Rule 4(a)(6) motion and summarily vacated the District Court's June 8, 2006, order dismissing the case. The Court remanded the matter to the District Court to reconsider Levine's application to proceed in forma pauperis and, if granted, to determine whether the matter should be summarily remanded to the state court, or dismissed under § 1915(e)(2)(B), or whether the case should proceed.

The District Court treated Levine's initial pleading as both a petition to remove the criminal case and a civil rights complaint. In an order entered January 15, 2008, the District Court allowed Levine to proceed in forma pauperis and found no basis for removal of Levine's state court criminal case to federal court. The District Court denied the petition for removal and directed the Clerk to file the complaint. It noted that it would

2

issue a separate ruling on the civil claims.

On February 5, 2008, the District Court dismissed Levine's complaint but gave him until February 14th to file an amended complaint. On February 12, 2008, Levine filed a notice of appeal from the District Court's January 15th and February 5th orders. Levine did not file an amended complaint, and on March 7, 2008, the District Court entered an order dismissing the case. Levine has also filed a motion to stay his state court criminal proceedings.

An order remanding a case to the state court from which it was removed is generally not appealable. 28 U.S.C. § 1447(d). One exception is when removal is based on 28 U.S.C. § 1443. Because Levine invoked § 1443 in his notice of removal, we have jurisdiction to review the District Court's remand order. For the reasons given by the District Court, we agree that Levine was not entitled to remove his criminal case under § 1443.

In his notice of removal, Levine asked for withdrawal of the complaint, return of personal items and medical equipment, prohibition of the prosecutor from intimidating his receptionist, and damages for loss of work and humiliation. In his amended notice of removal, he also requested sanctions against the prosecutor, return of the embezzled funds which were returned to insurance companies, and dismissal of additional false charges. However, in his jurisdictional response, Levine states that he is not seeking to bring a civil claim against anyone. "The Federal Court for some strange reason changed the

3

criminal matter to a civil matter without letting Levine know why. Levine is not seeking a civil claim against anyone." Resp. at 3 ¶ D. He later states, "Levine does not know why the District Court bifurcated his Complaint from his Removal as there should only be criminal actions and not civil actions." Resp. at 11.

Moreover, Levine's civil rights claims are intertwined with his criminal case. In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from interfering with state criminal prosecutions unless extraordinary circumstances exist. There are no extraordinary circumstances here. Thus, the District Court should have abstained from addressing the civil claims under Younger.

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. Based on Levine's representations that he did not seek to bring civil claims as well as the principles of Younger, we will summarily vacate the District Court's February 5, 2008, order and remand the matter to the District Court to dismiss Levine's civil claims without prejudice. We will summarily affirm the District Court's January 15, 2008, order. See Third Circuit I.O.P. 10.6. Levine's motion to stay his state court criminal proceedings is denied.